IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PRESIDENTIAL CANDIDATE NUMBER                                    PLAINTIFFS
P6005535 "ALSO KNOWN AS" (AKA)
RONALD SATISH EMRIT and PRESIDENTIAL
COMMITTEE/POLITICAL ACTION COMMITTEE/
SEPARATE SEGREGATED FUND (SSF) NUMBER
C0056987 D/B/A UNITED EMRITS OF AMERICA


V.                                   CASE NO. 2:25-CV-02146-TLB


ERIN BURNETT, OUTFRONT OF CABLE NEWS
NETWORK (CNN) PERHAPS "MADAME
PRESIDENT," THE HYPOTHETICAL ERIN BURNETT
FOR PRESIDENT 2028 CAMPAIGN; VOLODOMYR
ZELENSKYY, PRESIDENT OF UKRAINE; ESTATE OF
ALEXEI NAVALNY; MARIA CHERNIAVSKA OF
WARSAW, POLAND; DARYA IGNATEVA OF KYIV,
UKRAINE; KATERYNA OLKOBA OF KHERSON,
UKRAINE; INTERNATIONAL COURT OF JUSTICE OF
THE HAGUE, NETHERLANDS; RACHEL BARREIRO
GARCIA (RBG) OF MADRID, SPAIN; ESTATE OF RUTH
BADER GINSBERG (RBG); SABINE AISHA JULES OF
FORT LAUDERDALE, FLORIDA; YANICK RACHEL
EMRIT; EDNA CARRASCO OF PANAMA CITY, PANAMA;
ANA GOMEZ OF MEDELLIN, COLUMBIA; ALINA
ALVAREZ OF MADRID, SPAIN; and MARENA LINARES
OF TENERIFE IN THE CANARY ISLANDS                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L.

Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose

of making a Report and Recommendation.  Currently before the Court is Plaintiffs' Motion to

Proceed *In Forma Pauperis* ("IFP").  (ECF No. 2).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen all Complaints

in which a Plaintiff seeks to proceed IFP prior to service.

## I.    BACKGROUND

Plaintiffs filed their Complaint on November 12, 2025, requesting injunctive relief and/or declaratory judgment against Defendant Erin Burnett ("Burnett") for several dignitary torts. (ECF No. 2). Plaintiffs contend Burnett, the anchor of OutFront, a nightly news program on CNN, defamed and cast in a false light both Presidents William J. Clinton and Donald J. Trump when she insinuated that their names were included on a client list maintained by either Jeffrey Epstein and/or Ghislain Maxwell.

Additionally, Plaintiffs complain that they sent Ronald Emrit's ("Emrit") fiancé, Maria Cherniavska ("Cherniavska") approximately 300 Euros in 2022 so that "the Ukrainian military could transport her from Kharkiv, Ukraine to Warsaw, Poland." (ECF Nos. 1, 2). Emrit was attempting to obtain a fiancé VISA or political asylum for her, when she deactivated her Whatsapp account earlier this year. As such, they allege a claim of intentional infliction of emotional distress.

There are no claims stated in the Complaint against Voldomyr Zelenskyy, the Estate of Alexie Navalny, Darya Ignateva, Kateryna Olokoba, the International Cout of Justice of the Hague, Racher Barreiro Garcia, the Estate of Ruth Bader Ginsburg, Sabine Aisha Jules, Yanick Rachel Emrit, Edna Carrasco, Ana Gomez, Alina Alvarez, or Marena Linares. Further, there are no facts alleged in the Complaint that would entitle the Plaintiffs to legal remedy against these fourteen named defendants.

## II.    LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  The complaint must, however, still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

Applying 28 U.S.C. § 1915(e)(2)(B) to the case at hand, Plaintiffs' Complaint is frivolous and lacks an arguable basis in either fact or law.

### A.    Standing

We must first address the principle of standing and determine whether the Plaintiffs are entitled to have this Court decide the merits of their case.  The "irreducible constitutional minimum" of standing requires Plaintiffs to show they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by

a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[S]tanding

imports justiciability," and as "an aspect of justiciability" —

> the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf . . .. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action . . ..  [T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (emphasis in original; citations and quotations

omitted).  Plaintiffs generally "must assert [their] own legal right and interests and cannot rest

[their] claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S.

125, 129 (2004) (citing *Warth v. Deldin*, 422 U.S. 490, 499 (1975)).

Here, Plaintiffs lack standing to bring First Amendment retaliation, invasion of privacy,

and intentional infliction of emotional distress claims against Burnett because they have suffered

no personal injury from Burnett's alleged defamation.  Further, they have provided no evidence

that would allow us to infer third-party standing. *Id*. at 130 (to establish third-party standing, party

must have close relationship with person possessing right to sue and show a hindrance to

possessor's ability to protect their own rights).

## B.    Venue

While Emrit does appear to have standing to pursue a state law tort claim for intentional

infliction of emotional distress against Cherniavska, the Federal District Court for the Western

District of Arkansas is not the proper venue for this action.  *See Jones v. Clinton*, 990 F. Supp.

657, 676–77 (E.D. Ark. 1998) (setting out the elements of the Arkansas tort of intentional infliction

of emotional distress).  A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  There are no allegations showing that Cherniavska is subject to this Court's personal jurisdiction or that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Arkansas.

Because venue is not proper, we must determine whether to "dismiss, or if it be in the interest of justice, transfer" the case to a "district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).  In so doing, we note that the Plaintiffs are vexatious litigants known for filing frivolous complaints and have been subjected to prefiling requirements in multiple districts across the country.  *Emrit v. U.S. Pat. & Trademark Off.*, Case No. 25–15364, at *1 (D.N.J. Sept. 30, 2025); *Emrit v. Trademark Off.* (USPTO), Case No. CV 25-720, 2025 WL 14878910, *3 (E.D. La. Apr. 17, 2025); *Emrit v. Jules*, Case No. 4:23-cv-3122, 2023 WL 4705744, *4 (D. Neb. July 24, 2023).  In fact, they have filed similar cases against Burnett.  *See e.g.*, *Presidential Candidate Number P60005535 v. Burnett*, Case No. 2:25-cv-04258, 2025 WL 3290078, at *2 (W.D. Mo. Nov. 10, 2025); *Emrit v. Burnett, et al.*, Case No. 1:25-cv-00988, 2025 WL 3111012, at * (D.N.M. Nov. 6, 2025); *Emrit v. Burnette*, Case No. 25-cv-16365, Doc. 3, p. 2-3 (D.N.J. Oct. 14, 2025).  "[D]espite the fact that most or all these complaints have been dismissed for improper venue or failure to state a claim, Plaintiff[s] continue to abuse the in forma pauperis ("IFP") privilege." *Emrit v. Bd. of Immigr. Appeals*, Case No. 2:22-CV-00110, 2022 WL 4287659,

at *1 & n.1 (S.D. W. Va. Mar. 31, 2022).  Therefore, the undersigned does not believe that transferring this case would be in the interest of justice.

### IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE, their Motion to Proceed IFP be DISMISSED as MOOT, and that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this dismissal would not be taken in good faith.  Additionally, the undersigned RECOMMENDS that Plaintiffs be placed on notice that continued filings of complaints for which they are without Article III standing, venue is inappropriate, or there is no substantive merit will be met with a filing injunction similar to those imposed by other district courts.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2025.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE